IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELODY WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-4326-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Melody Watson seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

### **Background**

Plaintiff alleges that she is disabled as a result of a bad back. *See* Administrative Record [Dkt. No. 10 ("Tr.")] at 170. After her application for disability insurance was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 30, 2013. *See id.* at 27-38. At the time of the hearing, Plaintiff was 50 years old. *See id.* at 36, 48. She is a high school graduate and has past work experience as a cook. *See id.* at 48, 54-55, 75. Plaintiff has not engaged in substantial gainful activity from August 10, 2007, the alleged onset date, through December 30, 2012, the date last insured. *See id.* at 29.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* at 38. Although the medical evidence established that Plaintiff suffered from lumbar spine degenerative disc disease, bilateral carpal tunnel syndrome, obesity, depression, and hypertension, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 29. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of light work but that she could not return to her past relevant employment. *See id.* at 31, 36. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a bakery line worker, fruit distributer, and shipping and receiving weigher – jobs that exist in significant numbers in the national economy. *See id.* at 37.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground for relief, Plaintiff contends that the ALJ improperly rejected the opinions of her treating physicians.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the

2

evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance, a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393

(5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

See 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must

establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements

to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff's sole ground on appeal – that the ALJ failed to apply the proper legal standards in evaluating her treating physicians' opinions, and, as a result, improperly rejected those opinions – compels remand.

6

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Id.* (internal quotations omitted). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Id.* (internal quotations omitted).

But the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion" when good cause is shown. *Id.* at 455-56 (internal quotations omitted). An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456; *accord Hernandez v. Barnhart*, 202 F. App'x 681, 682-83 (5th Cir. 2006) ("Additionally, this court has held that considerable weight can be given to the opinions of non-treating physicians, especially when the treating physician's evaluation is unsupported by the evidence. An ALJ can discount the weight of the opinions of treating physicians relative to the opinions of others if the treating physician's opinion and diagnosis is unsupported." (citing *Newton*, 209 F.3d at 456; *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995)).

7

Social security regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors that an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2). Specifically, this regulation requires consideration of: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See* 20 C.F.R. § 404.1527(c).

In *Newton*, the United States Court of Appeals for the Fifth Circuit concluded that "an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456. But, in decisions construing *Newton*, the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

8

The ALJ acknowledged the opinions of Plaintiff's treating physicians, Mark Kuper, D.O., and Alfred Hulse, D.O., but did not accord them controlling weight.

The ALJ noted Dr. Kuper's treatment of Plaintiff from August 10, 2010 to January 31, 2011. *See* Tr. at 35. According to the ALJ, "Dr. Kuper stated [in a Lumbar Spine Residual Functional Capacity Questionnaire dated December 27, 2011 that] the claimant could only stand/walk for less than 2 hours in an 8-hour work day; sit for about 4 hours in an 8-hour workday; and only occasionally lift 10 pounds." Tr. at 36, 522-25. Dr. Kuper also opined that Plaintiff's symptoms would interfere with attention and concentration needed to perform even simple work tasks, that Plaintiff would need to take a ten to fifteen minute unscheduled break every hour during an 8-hour work day, and that Plaintiff would be absent from work more than four days per month as a result of her impairments. *See id.* at 523, 524, 526. The ALJ "did not afford these opinions significant weight" because "[t]he record does establish the claimant has physical limitations, but not to the extent Dr. Kuper opined." *Id.*

The ALJ expressly acknowledged Dr. Hulse as a "treating source" who frequently treated Plaintiff from 2009 through 2013. *See id.* at 33-34. In his narrative, the ALJ observed that Dr. Hulse had completed two Physical Residual Functional Capacity Questionnaires. *See id.* at 36, 566-70, 763-65. According to the ALJ, "[i]n both his opinions, Dr. Hulse found the claimant could use her hands and fingers 100% of the time in an 8-hour day; never twist, stoop, crouch, or climb; miss work more than four days per month; and occasionally lift 10 pounds. He also found the claimant would frequently be off task." *Id.* at 36. Dr. Hulse also opined that Plaintiff could walk and

9

sit or stand less than two hours in an 8-hour workday, *see id.* at 568, and, like Dr. Kuper, Dr. Hulse opined that Plaintiff's symptoms would interfere with attention and concentration needed to perform even simple work tasks and that Plaintiff would need to take a ten to fifteen minute unscheduled break every hour during an 8-hour work day, *see id.* at 567, 568. The ALJ "did not afford" Dr. Hulse's "opinions significant weight since they sharply contrast with the evidence of record." *Id.* at 36.

Instead, the ALJ afforded "great weight" to the opinion of the State agency medical consultant that Plaintiff "could perform light exertional level work." *Id.* at 35. The ALJ found that Plaintiff has the RFC to perform light work, except that she must avoid hazards such as dangerous machinery or open flames and is limited to occasionally climbing, balancing, stooping, kneeling, crouching, and crawling, uses a cane to ambulate, requires a sit/stand option, can only occasionally reach and handle, and should not perform complex tasks. *See id.* at 31.

The ALJ violated Section 1527(d) by failing to give good reasons for his rejection of Dr. Kuper's and Dr. Hulse's opinions. *See Wilson v. Comm'r of Soc. Sec. Admin.*, 378 F.3d 541, 544-45 (6th Cir. 2004). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (1996). "'The requirement of reason-giving exists, in part, to let claimants understand the

10

disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reasons for the agency's decision is supplied.'" *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). "The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.*

Here, the ALJ rejected Dr. Kuper's opinion because the record established that Plaintiff has physical limitations "but not to the extent Dr. Kuper opined." But the ALJ does not explain which limitations found by Dr. Kuper are not supported by the record. The ALJ rejected Dr. Hulse's opinions because "they sharply contrast with the evidence of record," but the ALJ does not explain any differences between Dr. Hulse's opinions and the evidence. Even though the ALJ's narrative contains a lengthy discussion of the medical evidence, *see id.* at 31-36, these cursory statements are not enough to explain the ALJ's reasons for rejecting the treating physicians' opinions and relying instead on a non-examining source such as the State agency medical consultant.

The ALJ's decision may be affirmed only on the grounds stated by the ALJ. *See Copeland*, 771 F.3d at 923. Because the ALJ has provided no meaningful insight into his reasons for rejecting Plaintiff's treating physicians' opinions, he violated the duty to weigh a treating source opinion in accordance with the regulations and rulings and

11

state good cause for rejecting those opinions. *See Price v. Astrue*, 572 F. Supp. 2d 703, 711-12 (N.D. Tex. 2008).

And the error here is not harmless because, if the ALJ had given more weight to the treating physicians' opinions, the ALJ may have found Plaintiff disabled. *Accord Lee v. Colvin*, No. 3:13-cv-4598-BN, 2014 WL 6085044, at *6 (N.D. Tex. Nov. 14, 2014).

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion..[1]

DATED: December 28, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.